UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD W. JACKSON                               CIVIL ACTION

versus                                                          NO. 07-9341

CORNEL HUBERT                              SECTION: "J" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Donald W. Jackson, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.  On March 19, 2002, he was convicted of theft of goods pursuant to La.Rev.Stat.Ann. § 14:67:10.[2]  On June 5, 2002, he was found to be a fifth offender,[3] and, on June 17, 2002, he was sentenced as such to a term of twenty years imprisonment without benefit of probation or suspension of sentence.[4]  On October 28, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[5]  The Louisiana Supreme Court denied his related writ application on April 8, 2004.[6]

On or after March 7, 2006, petitioner filed with the state district court an application for post-conviction relief.[7]  That application was denied on April 4, 2006.[8]  On or after April 24,

---

[2] State Rec., Vol. II of V, transcript of March 19, 2002, pp. 97-98; State Rec., Vol. I of V, minute entry dated March 19, 2002; State Rec., Vol. I of V, jury verdict form.

[3] State Rec., Vol. II of V, transcript of June 5, 2002, p. 47; State Rec., Vol. I of V, minute entry dated June 5, 2002.

[4] State Rec., Vol. II of V, transcript of June 17, 2002, p. 25; State Rec., Vol. I of V, minute entry dated June 17, 2002.

[5] State v. Jackson, 860 So.2d 134 (La. App. 5th Cir. 2003) (No. 03-KA-0417); State Rec., Vol. III of V.

[6] State v. Jackson, 870 So.2d 269 (La. 2004) (No. 2003-KO-3506); State Rec., Vol. III of V.

[7] State Rec., Vol. III of V.  Petitioner signed that application March 7, 2006; therefore, even under the state "mailbox rule," it cannot be considered to have been filed prior to that date.  See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006) (federal courts must apply Louisiana's "mailbox rule" when determining the filing date for state court filings).

[8] State Rec., Vol. III of V, Order dated April 4, 2006.

2006, he filed a second post-conviction application[9] which was likewise denied on May 5, 2006.[10] His related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on July 13, 2006,[11] and the Louisiana Supreme Court on June 22, 2007.[12]

On August 28, 2007, petitioner filed this federal application for *habeas corpus* relief;[13] however, he stated no claim for relief.[14] The state argues that the application is untimely.[15] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[16]

---

[9] State Rec., Vol. III of V. Petitioner dated that application April 24, 2006, and, therefore, that is the earliest date it can be considered to have been filed. See *supra* note 7.

[10] State Rec., Vol. III of V, Order dated May 5, 2006.

[11] State *ex rel.* Jackson v. 24th Judicial District Court, No. 06-KH-505 (La. App. 5th Cir. July 13, 2006); State Rec., Vol. III of III.

[12] State *ex rel.* Jackson v. State, 959 So.2d 490 (La. 2007) (No. 2006-KH-2431); State Rec., Vol. IV of V.

[13] The application was originally filed in the United States District Court for the Western District of Louisiana and was subsequently transferred to this Court.

[14] Question 12 of the application instructs: "State *concisely* every ground on which you claim that you are being held unlawfully." Rec. Doc. 2, p. 3 (emphasis in original). Petitioner left that section of the application blank.

[15] Rec. Doc. 10.

[16] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

As noted above, the Louisiana Supreme Court denied petitioner's writ application on direct review on April 8, 2004. Therefore, at the latest, his conviction became "final" for AEDPA purposes ninety (90) days later, i.e. on July 7, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Berry v. Cain, Civ. Action No. 06-6749, 2008 WL 859250, at *3 (E.D. La. Oct. Mar. 28, 2008); see also U.S. Sup. Ct. R. 13(1).[17] Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on July 7, 2005, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications attacking his conviction or sentence pending before any state court at any time from July 7, 2004, through July 7, 2005.[18]

---

[17] The state argues that petitioner's conviction and sentence became final even earlier because his Louisiana Supreme Court writ application was untimely filed. While that may be true, the Court cannot make that determination based on the record before it, because there is no evidence of when that application was given to prison authorities for mailing. See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

[18] The only state applications petitioner had pending during that period related to requests for copies of transcripts and other documents. Motions seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 7, 2005, in order to be timely. Petitioner's federal application was not filed until August 28, 2007,[19] and it is therefore untimely.

---

(E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).
        The Court further notes that petitioner filed two state post-conviction applications in 2006. However, because those applications were filed *after* the expiration of the statute of limitations, they have no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[19] Petitioner signed his federal application on August 28, 2007.  Rec. Doc. 2.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Donald W. Jackson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of May, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**